DANIEL BARROWS *vs.* W. D. Fox and another.

July 3, 1888.

**Appeal—Harmless Error.**—Taking into consideration the pleadings in this case, and that part of the charge wherein was stated the measure of damages, should plaintiff be entitled to recover, it was not error to permit a witness to state the value per acre of land alleged to have been overflowed.

**Same—Objection Waived.**—Through the inadvertence of appellants' counsel in drawing their answer, as well as upon trial, Gen. St. 1878, c. 31, § 17, a special statute of limitations bearing upon such damages as are caused by mill-dams, was entirely overlooked, and the jury were permitted to consider testimony as to damages anterior to the period of two years immediately preceding the commencement of the action. *Held,* not to be an error for which the court was responsible, or for which a new trial should be granted.

Plaintiff brought this action in the district court for Carlton county, for the abatement, as a nuisance, of a dam of defendants across Moose river, near the outlet of Moose lake, and for damages. In his complaint he alleges that the dam raised the water of the stream so as to overflow his land, and to cause pine saw-logs of defendants to be deposited thereon; that thereby his grass, of the value of $300, has been destroyed, and 12 acres of his meadow, pasture, and garden have been made good for nothing, to his damage in the sum of $200; and his timber and fences have been broken and carried away, to his damage in the sum of $150. The answer, among other defences, alleges, as a bar to the suit, that the dam was built more than six years before suit brought. At the trial, before *Stearns,* J., and a jury, the plaintiff had a verdict of $110. A new trial was refused, and the defendants appealed.

*Berryhill & Davison,* for appellants.

*H. Oldenburg,* for respondent.

COLLINS, J. But two of the alleged errors, as presented by the appellants in the above-entitled action, need examination and comment: *First.* It is urged that it was error to permit testimony bearing upon the value of plaintiff's pasture land and a strip of his garden.

Although the complaint, in effect, alleges that both pasture and garden were destroyed by the overflow of water from appellants' mill-dam, the trial court seems to have admitted this testimony, that it might aid the jury in arriving at its fair rental value. But, in any event, there was no material error in this, because the proper measure of damages was stated, and the jury charged that plaintiff was entitled to recover, if anything, the rental value of the overflowed land. *Second*. Error is claimed because the court did not confine a recovery to such damages only as had been sustained within the two years immediately prior to the commencement of the suit. The testimony in the case, the requests prepared and submitted in appellants' behalf, and the charge of the court, indicate that on the trial no claim was made that the statute of limitations would bar a recovery. No testimony pertaining to such a defence was offered, nor was the statute alluded to in the appellants' carefully-drawn requests, nor did the court mention it in its charge, in which the issues, as then understood, were briefly but fairly stated. The counsel who managed the case of the defendants below (not the appellants' counsel on this appeal) overlooked, upon the trial, as well as when preparing their answer, the special limitation in such cases, Gen. St. 1878, *c.* 31, § 17,—construed in *Thornton* v. *Turner,* 11 Minn. 237, (336,)—and the attempt is now made to fasten the responsibility of the oversight upon the trial court. Such inadvertence of counsel should not avail upon motion for new trial.

Order affirmed.